OF

## THE STATE OF NEW JERSEY.

### MAY TERM, 1907.

WILLIAM J. MAGIE, ORDINARY.

JAMES J. BERGEN, VICE-ORDINARY.

In the matter of the application of HILDA HASTENDENBECK, administratrix of Rika Ross, for an accounting by the executrix of Theodore S. Doolittle, deceased.

[Argued March 13th, 1907. Decided May 21st, 1907.]

1. A legatee is a person interested within the provisions of section 116 of the Orphans Court act (*P. L. 1898 p. 75*), authorizing any person interested in the estate, in case of failure to make settlement, to cite the executor, administrator, guardian or trustee to make such settlement in case of such default.

2. At the coming in of a citation issued pursuant to said section, an executrix cannot evade the duty of accounting for her testator's estate by setting up payments to herself by way of bills for medical attendance

22 (337)

upon the legatee, and for her funeral and burial expenses paid by said executrix, and for care, nursing, attendance, board and lodging furnished to the legatee.

3. Such a proceeding is not within the third section of said statute conferring jurisdiction upon the orphans court in suits for the recovery of legacies, but is a simple claim for an accounting from an executrix by a legatee who had not been shown to have receipted or released her legacy.

On appeal from an order of the Middlesex county orphans court.

*Mr. Freeman Woodbridge,* for the appellant.

*Mr. Theodore B. Booraem,* for the respondent.

MAGIE, ORDINARY.

The appellant, the administratrix of Rika Ross, cited the executrix of Theodore S. Doolittle, deceased, to show cause why she should not render an account as executrix of the estate of the deceased.

By the will of Theodore S. Doolittle there was bequeathed to Rika Ross the sum of $500, and the rest and residue of the estate of the deceased was devised and bequeathed to the executrix of the will.

By section 116 of the revised Orphans Court act of 1898 (*P. L. 1898 p. 757*), any person interested in the estate may cite the executrix to make a settlement of the estate at the ensuing term of the orphans court. A legatee is a person interested, within this provision.

At the coming in of the citation the executrix appeared by counsel and objected to being compelled to account and settle the estate.

If, upon such appearance, the executrix, who was entitled to all the personal estate of the testator after the payment of debts and legacies, had shown that she had recorded in the surrogate's office of the county of Middlesex, in which her letters testamentary were granted, a full release, receipt and discharge from the legatee entitled to the specific legacy the executrix would have been exonerated from the duty of accounting and settling

the estate, unless the court had expressly ordered her so to do. Section 120, Orphans Court act of 1898. *P. L. 1898 p. 759.*

No such release or receipt was exhibited, but the executrix was permitted to put in evidence certain bills for medical attendance upon the said legatee and for her funeral and burial expenses, paid by the said executrix, and also a claim for care, nursing, attendance, board and lodging furnished to the said legatee during her lifetime, and thereupon the orphans court found that the moneys paid out and expended by the executrix were a just and proper charge against the estate of Rika Ross and should be a charge against the legacy so given to Rika Ross.

The orphans court further found that after the deduction of the amount of said claims from the total amount of the legacy, calculating interest on each, there was a balance due to the administratrix of the legatee from said executrix amounting to $67.07 and that that sum was tendered to the administratrix of the legatee in full settlement of the legacy, which tender the administratrix refused to accept in full settlement thereof. It was thereupon ordered that the application of the administratrix for an accounting by the executrix of Theodore S. Doolittle should be, and was, denied.

By the third section of the revised Orphans Court act of 1898 (*P. L. 1898 p. 716*) jurisdiction was conferred upon the orphans court in suits for the recovery of legacies. This proceeding before the orphans court was not of that character. It was a simple claim for an accounting from an executrix by the personal representative of the legatee who had not been shown to have receipted or released her legacy.

It is unnecessary to express any opinion on the question whether, in a suit upon a legacy, any claim by the executrix of the testator, for her personal care of the legatee, or for payments made in behalf of the legatee in the way of medical attendance or services, could be set off against the demand for the legacy. It is sufficient to say that in the proceeding before the orphans court there was no question respecting such claims involved. The sole question was whether the executrix should account for the estate of her deceased testator, and she

was not entitled to evade that duty by setting up payments thus made, and which, in the whole, did not discharge the legacy.

It results that the orphans court erred in denying the application of the personal representative of the deceased legatee.

The decree appealed from should be reversed, and a decree made that the executrix should account for the estate of the deceased testator.